

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Dale Edward Guthrie
_____

3569833
_____

_____          _____

_____          _____

_____          _____

*(Enter above the full name of the plaintiff*          *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**                    CIVIL ACTION NO. 2:25-CN-00256
                              *(Number to be assigned by Court)*


Benita D. Murphy, Chairperson
_____
Edward E. Wooten        Cedric R. Robertson
Elizabeth K. Brown      Jack G. Roop
_____
Travis W. foreman
Harold L. Hughes
_____
Ralph D. Miller
David P. reider
_____

*(Enter above the full name of the defendant*
*or defendants in this action)*

## **COMPLAINT**

I.    **Previous Lawsuits**

    A.    Have you begun other lawsuits in state or federal court dealing with the same
        facts involved in this action or otherwise relating to your imprisonment?

                Yes _____     No __X__

1

B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.    Parties to this previous lawsuit:

        Plaintiffs: _____

                     _____

                     _____

        Defendants: _____

                     _____

                     _____

    2.    Court (if federal court, name the district; if state court, name the county);

_____

    3.    Docket Number: _____

    4.    Name of judge to whom case was assigned:

_____

    5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

_____

    6.    Approximate date of filing lawsuit: _____

    7.    Approximate date of disposition: _____

2

**II.    Place of Present Confinement:** _____Huttonsville Correctional Center_____

    A.    Is there a prisoner grievance procedure in this institution?

                Yes __x__        No _____

    B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?

                Yes _____        No _x____

    C.    If you answer is YES:

        1.    What steps did you take? _____

                _____

        2.    What was the result? _____

                _____

    D.    If your answer is NO, explain why not: __This is not a civil action__

      regarding conditions of confinement_____

**III.    Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A.    Name of Plaintiff: _____Dale Edward Guthrie_____

        Address: __P.O. Box 1 Huttonsville, WV 26273-0001____

    B.    Additional Plaintiff(s) and Address(es): _____

        _____

        _____

        _____

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.    Defendant: _____Benita D. Murphy_____Chairperson_____

is employed as: Parole Board Chairperson _____

at _____1409 Greenbrier Street 2nd Floor____Charleston, WV 25311__

D.    Additional defendants: _____

_____Please See Attachment_____

_____

_____

## IV.    Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Please See Attachment

_____

_____

_____

_____

_____

_____

_____

_____

ATTACHMENT
Defendants

Defendant No. 1

| | |
|---|---|
| Name | Benita D. Murphy |
| Job or Title *(if known)* | Chairperson, West Virginia Parole Board |
| Street Address | 1409 Greenbrier Street, 2nd Floor |
| City and County | Charleston  (Kanawha County) |
| State and Zip Code | 25311 |
| Telephone Number | 304-558-6366 |
| E-mail Address *(if known)* | Mavi.N.Crawford@wv.gov |

Defendant No. 2

| | |
|---|---|
| Name | Edward E. Wooten |
| Job or Title *(if known)* | Vice Chairperson, West Virginia Parole Board |
| Street Address | 1409 Greenbrier Street, 2nd Floor |
| City and County | Charleston (Kanawha) |
| State and Zip Code | Charleston, WV 25311 |
| Telephone Number | 304-558-6366 |
| E-mail Address *(if known)* | Mavi.N.Crawford@wv.gov |

Defendant No. 3

| | |
|---|---|
| Name | Elizabeth K. Brown |
| Job or Title *(if known)* | West Virginia Parole Board Member |
| Street Address | 1409 Greenbrier Street, 2nd Floor |
| City and County | Charleston (Kanawha) |
| State and Zip Code | Charleston, WV 25311 |
| Telephone Number | 304-558-6366 |
| E-mail Address *(if known)* | Mavi.N.Crawford@wv.gov |

Defendant No. 4

| | |
|---|---|
| Name | Travis W. Foreman |
| Job or Title *(if known)* | West Virginia Parole Board Member |
| Street Address | 1409 Greenbrier Street, 2nd Floor |
| City and County | Charleston (Kanawha) |
| State and Zip Code | Charleston, WV 25311 |
| Telephone Number | 304-558-6366 |
| E-mail Address *(if known)* | Mavi.N.Crawford@wv.gov |

ATTACHMENT

DEFENDANTS

Defendant No. 5
Name: Harold L. Hughes
Job or Title *(if known)* West Virginia Parole Board Member
Street Address 1409 Greenbrier Street, 2nd Floor
City and County Charleston (Kanawha)
State and Zip Code WV 25311
Telephone Number 304-558-6366
E-mail Address *(if known)* Mavi.N.Crawford@wv.gov


Defendant No. 6
Name: Ralph D. Miller
Job or Title *(if known)* West Virginia Parole Board Member
Street Address 1409 Greenbrier Street, 2nd Floor
City and County Charleston (Kanawha)
State and Zip Code WV 25311
Telephone Number 304-558-6366
E-mail Address *(if known)* Mavi.N.Crawford@wv.gov
)

Defendant No. 7
Name:David P. Reider
Job or Title *(if known)* West Virginia Parole Board Member
Street Address 1409 Greenbrier Street, 2nd Floor
City and County Charleston (Kanawha)
State and Zip Code WV 25311
Telephone Number 304-558-6366
E-mail Address *(if known)* Mavi.N.Crawford@wv.gov


Defendant No. 8
Name: Cedric R. Robertson
Job or Title *(if known)* West Virginia Parole Board Member
Street Address 1409 Greenbrier Street, 2nd Floor
City and County Charleston (Kanawha)
State and Zip Code WV 25311
Telephone Number 304-558-6366
E-mail Address *(if known)* Mavi.N.Crawford@wv.gov

Defendant No. 9
Name: Jack G. Roop
Job or Title *(if known)* West Virginia Parole Board Member
Street Address 1409 Greenbrier Street, 2nd Floor
City and County Charleston (Kanawha)
State and Zip Code WV 25311
Telephone Number 304-558-6366
E-mail Address *(if known)* Mavi.N.Crawford@wv.gov

STATEMENT OF CLAIM

ISSUES

A. The Plaintiff contends that the Defendants, Chairman and Parole Board Members have violated his right to equal protection and due processes of law contained in the Fourteenth Amendment to the United States Constitution and Article III, § 10 of the West Virginia Constitution by continually denying him parole because he has highly connected political members of the local Kanawha County community speak out at the plaintiff's parole hearings against his being granted parole. Additionally, the Plaintiff asserts violations of his equal protection and due processes of law Fourteenth Amendment to the United States Constitution and Article III, § 10 of the West Virginia Constitution by allowing inmates in similar circumstances as his own (serving a life sentence for first degree murder) to be released on parole who have no one speak out against their release at their parole hearing.

*Statement of Relevant Facts Concerning Issue A.*

a. The Plaintiff was at work on February 12, 1993 at a restaurant owned by a Danny Jones (a former sheriff of Kanawha County, West Virginia who later would become mayor of Charleston, West Virginia), when his coworker, Todd Farley, smacked him in the nose several times with a cleaning towel. The Plaintiff, then in all candor, took a four inch knife[1] out of his pocket and slashed out at Mr. Farley cutting his left shoulder area and cut a major artery in the clavicle area. Mr. Farley lost a major amount of blood and died about an hour later.

b. Since 2003, the Plaintiff has appeared before the parole board for interviews concerning his release on parole. At each hearing, several politically connected members of the Charleston, West Virginia area have appeared and spoke out against the Plaintiff. These people include, Danny Jones former sheriff of Kanawha County, Tera Solango, former assistant prosecutor for the Kanawha County Prosecutor's Office and now a Circuit Court judge in Kanawha County, and Ben Solango, Kanawha County Commissioner and former democratic nominee for West Virginia governor.

At each of these hearing the speakers, especially Tera Solango, have spoken in a manner that goes well above a negative sentiment toward the Plaintiff. She has accused the Plaintiff of committing institutional infractions that have not occurred and misrepresented many facts.[2]

Kanawha County Commissioner, Ben Solango, Tera Solango's husband, has appeared and spoken, even in 2012, referring to a psychological report that his

---

[1] The knife was a personal pocket knife the Plaintiff regularly carried with him.

[2] In 2021, Tera Solango had to be cautioned by the Board members to comport herself while speaking as she became quite noisome. At other times, Mrs. Solango has made comments that she is convinced the plaintiff will kill again but can offer no evidence to back up her claim. In fact there is much scientific evidence that points to murder as being a crime that has a small recidivist rate. Further, Mrs. Solango has told the Board that the Plaintiff stabbed a correctional officer while being incarcerated which is entirely baseless.

1

wife Tera Solango had evidently, illegally, shown him while assistant prosecutor, and told the parole board that the Plaintiff was "clinical."[3]

Danny Jones, the former sheriff and mayor, has appeared twice and alluded to the Plaintiff's case as causing workmen's compensation rates to be higher.[4]

   c. The Defendants have released many persons with much worse crimes than the Plaintiff's in past years (as documented in the table below), with these prisoners having no one appear at their interviews to express a negative sentiment:

| Inmate | Crime | Sentence | Circumstances of Crime |
|---|---|---|---|
| Danny Burnside | Murder | Life[5] | Killed a lady who was trying to talk to him about religious issues |
| Gary Childers | Murder | Life | Murdered a woman and severally wounded another woman who was pregnant |
| Donny Taylor | Murder | Life | Was in prison serving life sentence, escaped in 1987 and killed a man while a fugitive |
| Rusty Lassiter | Murder | Life | Imprisoned in 1985 and killed another inmate, has been paroled, rearrested and paroled several times. |
| Kim Bradshaw | Murder | Life | Murdered two persons, in cold blood, at a pawn shop in 1992 |
| Larry White | Murder | Life | Beat a man o death with hammer after conspiring with decedent's wife to do so |
| Bob Gray | Murder | Life | Killed police officer while committing a crime |

These are just a few examples of inmates that have been released while the Plaintiff has languished in prison for a crime that pales in brutality in comparison to the above listed inmates. However, make no mistake, the Plaintiff is not questioning whether the above listed prisoners should have been paroled or not, he is only asking why he still sits in prison for his crime while these inmates have been paroled (sometimes more than once). The only answer to the question is the political connections the sister of his victim (and her husband) has in Charleston, West Virginia.

Article III, § 10 of the West Virginia guarantees that "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers" Also the West Virginia Supreme Court has ruled that release on parole is a substantial liberty interest and the procedures in which it is granted or denied must satisfy due process standards. *Tasker v. Mohn*, 165 W. Va. 55, 267 S.E.2d 183 (1980) Also, the West Virginia Supreme Court has dictated that Equal Protection means the state cannot treat similarly situated people differently unless

---

[3] If in fact Mrs. Solango let her husband, Ben Solango, see the sealed psychological report she violated the Federally enacted Health Insurance Portability and Accountability Act.

[4] These comments by Danny Jones are in direct contrast to the comments that he made directly after the Plaintiff's arrest, which had a positive sentiment toward the Plaintiff's work ethics and as person in general.

[5] The sentences reflected in this column may be longer than the life sentence listed.

circumstances justify the disparate treatment. *Kyriasa v. UVW*, 192 W.Va. 60, 450 S.E.2d 649 (1994)

The West Virginia Supreme Court has dictated that equal protection means the state cannot treat similarly situated people differently unless the circumstances justify the disparity. *Kyriasa v. UVW*, 192 W.V. 60, 450 S.E.2d 649 (1994). Additionally, the Fourteenth Amendment to the United States Constitution reads as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In this case, the Plaintiff is not being treated equally compared to persons in a similarly situated category. He is in prison for first degree murder that resulted from a single slash with a weapon after being antagonized by Todd Farley hitting him in the face with a cleaning rag.[6]

It is inherently discriminating to let the fact that a victim's family members publically speak out against parole release to determine whether an inmate is granted and released on parole. That is paramount to allowing the victim's family to determine the length of the prisoner's incarceration, which is unfair to the prisoner, the Board, and society as a whole.[7] Statistically, when a prisoner has someone come to parole hearing to speak against release, parole is denied. Conversely, when a life sentence recipient has no one arrive at his parole hearing speaking against release, the grant of parole is much more likely. To give an example, Larry White, a convicted murderer from Jackson County, West Virginia who had beaten his victim to death with a hammer, was given parole only after appearing before the Board the second time. The plaintiff has appeared before the Board eight times and has served a total of thirty-two years without a chance at parole.

Make no bones about it, the Plaintiff is not claiming a lack of due process[8], his claim is unequal protection under the stator requirements of W.Va. Code § 62-12 *et seq.* And his treatment by the Board diametrically opposes the guarantees of the Fourteenth Amendment to the United States Constitution wherein the Defendants are enforcing the above cited law in such a way that his right to life and liberty are being abridged.

This unequal protection is a result of the political connections the victim's sister and her husband have in Charleston, West Virginia.

---

[6] The Plaintiff is not trying to bash the victim (or minimize his actions), he is simply stating the facts of his case.

[7] This factor, the granting of parole on whether a victim's family members speak out, or does not speak out, against an inmate's release is at the core of this claim.

[8] The Plaintiff is frustrated by the fact that he has been informed at his hearings that several letters against his being granted parole have been received by the Board but he cannot see the letters or be informed of their contents. Also, he cannot check the information in the communications for validity.

These inmates have been paroled (sometimes more than once). The substantial evidence shown reflects an obvious unjustified unequal treatment of the Plaintiff. The only answer to the question is the political connections of the sister of the victim (and her husband) has in Charleston, West Virginia.

Article III, § 10 of the West Virginia Constitution guarantees that "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers" Also the West Virginia Supreme Court has ruled that release on parole is a substantial liberty interest and the procedures in which it is granted or denied must satisfy due process standards. *Tasker v. Mohn*, 165 W. Va. 55, 267 S.E.2d 183 (1980)

Also, the West Virginia Supreme Court has dictated that Equal Protection means the state cannot treat similarly situated people differently unless circumstances justify the disparate treatment. *Kyriasa v. UVW*, 192 W.Va. 60, 450 S.E.2d 649 (1994)

The Fourteenth Amendment of the United States Constitution reads as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In this case, the Plaintiff is not being treated equally to persons in a similarly situated category. He is in prison for first degree murder that resulted from a single slash with a weapon after being antagonized by the victim hitting him in the face with a cleaning rag.[4]

It is inherently unfair to let the fact that a victim's family members publicly speaks out against a prisoner's release to determine whether he, or she, is granted parole. That is paramount to allowing the victim's family to determine the length of the prisoner's incarceration, which is unfair to the prisoner, the parole Board, and society as a whole.[5] Statistically, when a prisoner with a life sentence has someone show up against his, or her, release, parole is denied. Conversely, when a life sentence recipient has no one arrive at his parole hearing in protest, parole is granted. To give an example, Larry White, a convicted murderer from Jackson who had beaten his victim to death with a hammer, was granted parole only after appearing before the Board the second time. The Plaintiff has appeared before the Board eight time and served a total of thirty two years without a chance at parole.

Make no bones about it, the Plaintiff is not claiming a lack of due process[6], his claim is unequal protection under the statutory requirements of W.Va. Code § 62-12-26. However, his treatment by the Board diametrically opposes the guarantees of Article III, § 10 of the West Virginia Constitution and the Fourteenth Amendment to the United States Constitution. The unequal protection is a result of the political connections the victim's sister and her husband has.

---

[4] The Plaintiff is not trying to bash the victim (or minimize his actions) he is simply stating the facts of his case.

[5] This factor, the granting of parole based on whether a victim speaks out against an inmate's or not is at the core of this claim.

[6] The Plaintiff is frustrated by the fact that he has been informed at his hearings that several letters against his have been received by the Board but he cannot see the letters or be informed of their contents. Alas, he cannot check the information in the communications for validity.

The Plaintiff would also like to address the non-weighted factors that the Board has used to deny him parole year after year. These factors for the most have not and will not change and are out the hands of the Plaintiff to change. The Plaintiff feels he could justifiably comment on each of the factors but only highlights the major ones:

i.    Non-Weighted Factor: Lack of Community Support for Release

The Plaintiff has a verified acceptance (twice) for admission to the LEAD Academy in Raleigh County, West Virginia. This facility provides a stable regimented environment for persons among others, being released from prison and will provide an excellent opportunity for the Plaintiff.  Plus the parole officer for the area has approved the Plaintiff's placement there. So, for the Board to consider the Plaintiff's not having any support from the community is in error.

ii.   Non-Weighted Factor: Your Lack of Acceptance of Responsibility for the Offense

The Plaintiff has always from the start, accepted responsibility for the events of February 12, 1993. He has never tried to diminish his role or detract from the accountability and obligation he owes society. He told the jury he committed the crimes

iii.  Non-Weighted Factor: Circumstances of Crime Indicate Ongoing Propensity toward violence

There is no rational basis for this factor. Nothing in the Plaintiff's crime provides a reasonable expectation that the Plaintiff would commit another act of violence. Nor, is there anything in the Plaintiff's behavior in prison that would lead to the presumption that he has a propensity toward violence.

iv.   Non-Weighted Factor: Your Continued Incarceration Will Serve to Protect the Public From Possible Future Violence.

The Plaintiff would again assert that nothing in his record before and/or after the crime that would indicate that there is a *possible* future threat of violence to the public. He has a minor pre-incarceration misdemeanor record and no institutional infractions involving violence are present in his record.

v.    Non-Weighted Factor: An Additional Period of Incarceration Will Further Your Rehabilitation and Will Not be Detrimental to the Interests of the Parties Involved in the Crime.

After 32 years of incarceration and appearing before the Board eight times the Plaintiff cannot imagine how an additional period of

incarceration can help him, the parties involved in the crime, or the public at large. The Plaintiff has did all he can do to rehabilitate himself while in prison.

Not listed in the these non-weighted factors are the political pressure placed on the Board to keep the Plaintiff in prison at all costs. The Plaintiff would put forth that the life sentence he received was justified by the law. He cannot argue that.

The Plaintiff asserts that he is still incarcerated solely because Todd Farley's (the victim) sister grew up to be a circuit court judge and married a very politically connected man (Ben Solango) that happened to run for the governorship of West Virginia. Add to that the fact that Danny Jones, the former mayor of Charleston, speaks out against the Plaintiff regularly, and it is nigh impossible for the Plaintiff to be released on parole.

How else can the West Virginia Parole Board explain the non-release of the plaintiff for over thirty years and the release of the above listed inmates, and others not enumerated, because they do not have a member of the public speak out against their release?

The Plaintiff has completed all the WVDCR assigned programs and has a relatively minor disciplinary record, having only eight write-ups in thirty-two years with the last occurring almost ten years ago (that infraction was dismissed by a Correctional Hearing Officer after it was determined that the Plaintiff was not guilty).   He has maintained employment during his incarceration and has always received excellent reviews. And, the Plaintiff has established good relationship with Staff and most inmates.

The plaintiff's crime is regrettable, but it pales in comparison to the brutality of the released prisoner's listed above and countless others not mentioned. In those cases, the victims, some female and pregnant, were viciously attacked, one victim was beaten to death with a hammer in a cold calculated way, two victims (one a female) were killed execution style, in a robbery in their place of business; and another victim (an off-duty police officer) was killed by a felon while trying to protect society. One man killed a kindly lady who was trying to tell him about her religion. And lastly, an law abiding citizen was killed by an escaped inmate. In comparison, it is inconceivable, and unjustified, that the Defendants would make the Plaintiff stay in prison while releasing above cited murderers.

IV.    **Statement of Claim (continued):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

V.    **Relief**

   <u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments.
   Cite no cases or statutes.

Declare that the Defendants have violated   the Plainitiff's right to equal

protection under the law; order the immediate release of the Plaintiff on

parole consistent with the laws of West Virginia; order that the parole

process in West Virginia be restructured in such a way that the political

pressure involved in the Plaintiff's is negated.

_____

_____

_____

_____

If so, state the lawyer's name and address:

_____

_____

Signed this __8th__ day of __April_____, 20__25__.


_____

_____

_____

_____

Signature of Plaintiff or Plaintiffs


I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4-8-2025_____.
             (Date)

_____
Signature of Movant/Plaintiff



_____
Signature of Attorney
(if any)


7